IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| ALBARI MALIK JOHNSON, | ) | |
|---|---|---|
| | ) | |
| Movant/Defendant, | ) | |
| | ) | |
| v. | ) | Civ. A. No. 08-181-GMS |
| | ) | Cr. A. No. 02-141-GMS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent/Plaintiff. | ) | |

## MEMORANDUM OPINION[1]

---

Albari Malik Johnson. *Pro se* movant.

David L. Hall, Assistant United States Attorney, United States Department of Justice, Wilmington, Delaware. Attorney for respondent.

---

February 24, 2011
Wilmington, Delaware

---

[1]This case was re-assigned to this court's docket on January 30, 2008.

SLEET, Chief Judge

## I. INTRODUCTION

Movant Albari Malik Johnson ("Johnson") filed a *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (D.I. 282.) The Government filed its answer in opposition, (D.I. 290.), to which Johnson filed a reply (D.I. 291.) For the reasons discussed, the court will deny Johnson's § 2255 motion without holding an evidentiary hearing.

## II. BACKGROUND

In December 2003, the federal grand jury for the District of Delaware returned a fourth superseding indictment charging Johnson with one count of conspiracy to possess with intent to distribute more than 500 grams of a mixture containing cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 846. On December 11, 2003, a jury convicted Johnson of the lesser included charge of conspiracy to possess with intent to distribute a substance containing cocaine. The Honorable Kent A. Jordan sentenced him on April 14, 2004 to 121 months of imprisonment, followed by three years of supervised release. (D.I. 176.)

Johnson appealed, and the Third Circuit vacated his sentence and summarily remanded for re-sentencing in accordance with *United States v. Booker*, 543 U.S. 220 (2005). (D.I. 245.) On February 24, 2006, Judge Jordan re-imposed the same 121 month custodial term followed by three years of supervised release. (D.I. 265.) Johnson appealed, and the Court of Appeals for the Third Circuit affirmed the judgment of conviction and the sentence imposed on February 24, 2006. *United States v. Johnson*, 206 Fed. Appx. 158 (3d Cir. Nov. 20, 2006).

## III. EVIDENTIARY HEARING

A district court is not required to hold an evidentiary hearing on a motion filed pursuant to 28 U.S.C. § 2255 if the "motion and the files and records of the case conclusively show" that the movant is not entitled to relief. 28 U.S.C. § 2255; *see also United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005); *United States v. McCoy*, 410 F.3d 124, 131 (3d Cir. 2005); Rule 8(a), 28 U.S.C. foll. § 2255. As explained below, the record conclusively demonstrates that Johnson is not entitled to relief for the claims asserted in his § 2255 motion. Accordingly, the court concludes that an evidentiary hearing is not warranted.

## IV. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, a federal prisoner may move the sentencing court to vacate, set aside, or correct his sentence on the grounds that:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255. However, "[o]nce a legal argument has been litigated and decided adversely to a criminal defendant at his trial and on direct appeal, it is within the discretion of the district court to decline to reconsider those arguments if raised again in collateral proceedings under 28 U.S.C. § 2255." *United States v. Orejuela*, 639 F.2d 1055, 1057 (3d Cir. 1981). As a general rule, absent an intervening change in the governing substantive law or other exceptional circumstances, movants pursuing relief under § 2255 are barred from re-litigating "questions which were raised and considered on direct appeal." *United States v. DeRewal*, 10 F.3d 100, 105 n.4 (3d Cir. 1993); *see also Davis v. United States*, 417 U.S. 333, 342 (1974).

2

## V. DISCUSSION

Johnson asserts that the court violated his right to a jury trial and his right to due process by imposing a sentence that exceeded the maximum sentence authorized by law for two reasons: (1) the jury never determined the specific type and/or amount of drugs, and the court improperly determined these issues through judicial fact-finding; and (2) the court engaged in improper judicial fact-finding by sentencing him as though he had been convicted of the indicted charge of conspiracy to possess 500 and more grams of cocaine when, in fact, he was acquitted of that charge and found guilty of a lesser included charge. These two arguments were heard and rejected by the Third Circuit during Johnson's direct appeal in November 2006,[2] and Johnson does not contend that an intervening change of law or an extraordinary circumstance has occurred since that litigation. Accordingly, the court will summarily deny Johnson's § 2255 motion as procedurally barred.

## VI. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2255 motion must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2008). A certificate of appealability is appropriate only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The court is denying Johnson's § 2255 motion as procedurally barred because the two claims raised therein were already considered, and rejected, by the Third Circuit on direct appeal.

---

[2]*Johnson*, 206 Fed. Appx. at 160-61.

3

The court is persuaded that reasonable jurists would not find this assessment debatable. Therefore, the court will not issue a certificate of appealability.

## VII. CONCLUSION

The court concludes that Johnson is not entitled to relief pursuant to 28 U.S.C. § 2255. An appropriate order will issue.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ALBARI MALIK JOHNSON, | ) | |
| | ) | |
| Movant/Defendant, | ) | |
| | ) | |
| v. | ) | Civ. A. No. 08-181-GMS |
| | ) | Cr. A. No. 02-141-GMS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent/Plaintiff. | ) | |

**ORDER**

For the reasons set forth in the Memorandum Opinion issued in this action today, IT IS HEREBY ORDERED that:

1. Movant Albari Malik Johnson's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is **DENIED**. (D.I. 282.)

2. A certificate of appealability will not issue for failure to satisfy the standard set forth in 28 U.S.C. § 2253(c)(2).

3. The clerk of the court is directed to close the case.

Feb 24, 2011
Wilmington, Delaware

CHIEF, UNITED STATES DISTRICT JUDGE